IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: FANSTEEL INC., ET AL.,[1] ) | |
| ) | |
| Fansteel Inc., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 04-451 (JJF) |
| ) | |
| v. ) | |
| ) | |
| Staveley Services North America, Inc., ) | |
| ) | Adversary Case No. 04-51109 |
| Defendant. ) | Bankruptcy Case No. 02-10109 (JJF) |

**Objection Deadline: March 14, 2005 at 4:00 p.m. Eastern Time**
**Hearing Date: TBD, if necessary**

## NOTICE OF SETTLEMENT OF AVOIDANCE ACTION

Plaintiff, Fansteel, Inc., Reorganized Debtor (hereinafter referred to as "Plaintiff"), files this Notice of Settlement of Avoidance Action (the "Notice"). A proposed Mutual Settlement Agreement and Release (the "Settlement Agreement") was entered into by Plaintiff and Staveley Services North America, Inc. (hereinafter referred to as "Defendant"), on March 3, 2005, a copy of which is attached hereto, which Settlement Agreement provides, *inter alia*, the following:

---

[1] The Reorganized Debtors are the following entities: Fansteel Inc. and Wellman Dynamics Corp.

| | |
|---|---|
| **Name of Defendant:** | Staveley Services |
| **Civil Action No.:** | 04-451 |
| **Complaint Amount:** | $39,308.61 |
| **Credit for New Value:** | $19,857.89 |
| **Net Preference Claim[1]:** | $19,450.72 |
| **Settlement Amount:** | $4,500 cash and waiver of a $19,509.14 scheduled claim and § 502(h) claim |
| **Settlement is 72.5% of the Net Preference Claim** | |
| **Special Circumstances (If Necessary):** Ordinary course issues present. | |

Plaintiff submits that the above Settlement Agreement is the product of arm's-length negotiations between Plaintiff and Defendant. The Settlement Agreement represents a favorable resolution of Plaintiff's claims and results in a cash payment and claim waiver to Plaintiff for the benefit of creditors. Accordingly, Plaintiff further submits that the Settlement Agreement is fair and reasonable, is in the best interest of the creditors, and is the result of the exercise of sound business judgment.

If you object to the terms of the settlement, you are required to file an objection to this Settlement Agreement on or before March 14, 2005 at 4:00 p.m.

THIS NOTICE IS SUBMITTED ON NEGATIVE NOTICE. ANY PARTY OBJECTING TO THE RELIEF REQUESTED HEREIN SHALL MAKE ITS OBJECTION KNOWN BY FILING AN OBJECTION TO THE PROPOSED SETTLEMENT, SERVED UPON THE UNDERSIGNED AND FILED WITH THE COURT NO LATER THAN FIVE (5) BUSINESS DAYS AFTER DELIVERY HEREOF. A HEARING ON THE NOTICE WILL BE HELD AT A TIME TO BE DETERMINED BY THE COURT ONLY IF A TIMELY

---

[1] The term *"net preference claim"* as used herein means the total preference period transfers made to a creditor, less the value to the Plaintiff of subsequent extensions of credit ("new value").

OBJECTION IS FILED. IF NO SUCH OBJECTIONS ARE FILED, THE SETTLEMENT WILL BE DEEMED APPROVED WITHOUT FURTHER ORDER OF THE COURT.

Dated:   March 7, 2005

SCHULTE, ROTH & ZABEL LLP
Jeffrey S. Sabin (JSS-7600)
David J. Ciminesi (DJC-8156)
919 Third Avenue
New York, New York 10022
Telephone:  (212) 756-2000
Facsimile:   (212) 593-5955

AND

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

*/s/ James E. O'Neill*

Laura Davis Jones (DE Bar No. 2436)
James E. O'Neill (DE Bar No. 4042)
Steven J. Kahn (CA Bar No. 76933)
Jason S. Pomerantz (CA Bar No. 157216)
10100 Santa Monica Blvd.
11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile:  310/201-0760

Counsel for Debtors and Reorganized Debtors
FANSTEEL

## MUTUAL SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("Agreement"), entered into on this 4th day of March, 2005, sets forth the terms of the agreement that has been reached between Staveley Services North America, Inc. ("Staveley") and Reorganized Debtor Fansteel, Inc. ("Fansteel") regarding the various claims asserted by Fansteel against Staveley (collectively the "Fansteel Claims"). Subject to court approval as provided in Paragraph 18 hereinbelow, the terms of this Agreement are effective as of the date that this Agreement is executed by the Parties below (the "Execution Date"). Fansteel and Staveley are collectively referred to as "the Parties."

WHEREAS, Fansteel and certain of its subsidiaries (collectively "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on January 15, 2002 (the "Petition Date");

WHEREAS, on September 18, 2003, the Debtors filed their Amended Joint Reorganization Plan (as subsequently modified, or supplemented);

WHEREAS, on November 17, 2003, at the hearing to consider confirmation of the Plan, the Court entered an order confirming the Plan (Docket No. 1622);

WHEREAS, on December 19, 2003, the Debtors filed their Emergency Motion for an Order Pursuant to 11 U.S.C. § 1127(b) Seeking Modification of the Debtors' Amended Joint Reorganization Plan together with the Debtors' proposed Second Amended Joint Plan of Reorganization dated as of December 18, 2003 (the "Amended Plan");

WHEREAS, on December 23, 2003, the Court entered an order (the "Confirmation Order") confirming the Amended Plan and adopting all of the Court's previous findings of fact and conclusions of law set forth in the earlier confirmation order.

WHEREAS, pursuant to the Amended Plan and Confirmation Order, Fansteel and Reorganized Wellman Dynamics Corp. were revested with all of the Debtors' assets not otherwise disposed of under the terms of the Amended Plan, including the right to enforce, sue on, settle or compromise all litigation claims, including the Fansteel Claims that are the subject of this Agreement;

WHEREAS, Fansteel has asserted the Fansteel Claims against Staveley in that adversary proceeding captioned *Fansteel, Inc. v. Staveley Services North America, Inc. d/b/a Conam Inspection, Inc. d/b/a Conam Ams*, bearing case no. 04-451 (the "Adversary Proceeding");

WHEREAS, on March 8, 2004, Fansteel filed its Sixth Omnibus Substantive Objection to Claims ("Claim Objection") which, in part, objected to the amended scheduled claim of Staveley in the amount of $19,509.14 ("Scheduled Claim");

WHEREAS, the Parties desire to resolve the disputes regarding the Fansteel Claims and the Claim Objection, without any admission of liability and in order to avoid the expense of further litigation;

NOW THEREFORE, in consideration of the foregoing recitals, each of which are true and which are incorporated into and made an integral part of this Agreement, Fansteel and Staveley do hereby agree as follows:

1. <u>Payment</u>. Staveley agrees to pay to Fansteel a total amount of Four Thousand Five Hundred Dollars (US $4,500.00) (the "Payment"). The Payment shall be made by wire transfer to the below described account within five (5) business days after the Effective Date:

Wire Instructions
Account Number: 978816718
Account Name: Fansteel Inc. Depository for Preference Payments
Bank Name: National City Bank
ABA Number: 072-000-915

The payment shall be made by check payable and delivered to:

Fansteel Inc.
Attn: Sue Worden
One Tantalun Place
North Chicago, IL 60064

Within ten (10) business days after the Effective Date. The "Effective Date," shall be the day counsel for Fansteel advises counsel for Staveley that this Agreement has been approved under the terms of the Procedures Order as set forth in Paragraph 18 herein below. This Agreement and the compromise reflected herein, once effective, shall remain effective, enforceable and binding on all parties notwithstanding the dismissal or conversion of the Debtors' bankruptcy cases.

2. <u>Waiver of Claim Rights</u>. Staveley hereby waives its right to receive distributions on the Scheduled Claim and its right to assert a claim cognizable under 11 U.S.C. § 502(h) and receive distributions thereon.

3. <u>Claim Objection</u>. After the Effective Date and upon approval of this Agreement pursuant to Paragraph 18, the Claim Objection shall be deemed withdrawn.

4. <u>Dismissal of Litigation</u>. After the Effective Date, upon approval of this Agreement through the Procedures Order referred to in Paragraph 18 hereof, or other Order of the Bankruptcy Court, Fansteel shall cause the Adversary Proceeding to be dismissed with prejudice and shall provide written proof of said withdrawal to Staveley. Each party will bear its own costs relating to the Adversary Proceeding, including attorneys' fees.

5. <u>Release of Fansteel</u>. Except for the obligations contained in this Agreement, Staveley hereby releases and forever discharges Fansteel and the Fansteel bankruptcy estate and their predecessors, successors, assigns, representatives and present and former employees, officers, directors, agents and attorneys (in their capacities as representatives of Fansteel and the Fansteel bankruptcy estate) from any and all claims, whether known or unknown, that they have or may have against Fansteel and/or the Fansteel bankruptcy estate as of the Effective Date, whether or not arising from or relating to the Fansteel Claims, the Claim Objection, the Scheduled Claim or the Payment or otherwise. Such claims and all other claims which may have been filed or asserted by Staveley against the Fansteel bankruptcy estate shall be deemed withdrawn, and Staveley shall receive no distributions by reason of any such claims or otherwise.

6. <u>Release of Staveley</u>. Except for the obligations contained in this Agreement, Fansteel, on behalf of itself, the Fansteel bankruptcy estate and together with its successors, assigns and representatives, hereby releases and forever discharges Staveley, its present and former employees, officers, directors, agents and attorneys (in their capacities as representatives of Staveley) from any and all claims and causes of action, of any nature or type, whether known or unknown, that Fansteel, the Debtors, and/or the Fansteel bankruptcy estate have or may have against Staveley as of the Effective Date, whether or not arising out of the Fansteel Claims, the Claim Objection or the Payment.

7. <u>Timing of Releases</u>. The releases provided for in paragraphs 5 and 6 above shall become effective upon Fansteel's receipt of the Payment in good and sufficient funds.

8. <u>Applicable Law</u>. This Agreement shall be governed by the internal laws of the State of Delaware, and shall be construed and interpreted in accordance with its laws,

notwithstanding its conflict of laws, principles or any other rule, regulation or principle that would result in the application of any other state's law.

9. <u>Warranties</u>. Each of Fansteel and Staveley warrants that it is the sole and current owner of the claims released by this agreement and that it is authorized to enter into this Agreement. Each individual signing this Agreement on behalf of any party represents and warrants that he/she has full authority to do so. Each party agrees to indemnify the other from any loss or expense (including, without limitation, attorneys fees) that may be incurred as a result of any breach of this warranty.

10. <u>Parties Bound</u>. The Parties acknowledge that each and every covenant, warranty, release and agreement contained herein shall inure to the benefit of, and be binding upon, the agents, subsidiaries, employees, officers, directors, assigns, and successors in interest (including any third party purchasers) of the Parties, including but not limited to Fansteel, the Fansteel bankruptcy estate, any Chapter 11 or Chapter 7 Trustee or Examiner heretofore or hereafter appointed, and further including any other trustee or statutory committee heretofore or hereinafter appointed.

11. <u>Entirety of Agreement</u>. The Parties acknowledge that this Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and all prior agreements, negotiations and understandings with respect to the subject matter hereof are canceled and superseded by this Agreement. The Parties agree that this Agreement may not be varied in its terms by an oral agreement or representation or otherwise, except by an instrument in writing of subsequent date hereof executed by all of the Parties.

12. <u>No Admission of Liability.</u> Staveley denies liability for any claims that Fansteel has asserted against Staveley, and Fansteel denies liability for any claims that Staveley has

asserted against Fansteel. This Agreement is a compromise of disputed claims and shall never be construed as an admission of liability or responsibility for any purpose by any party.

13. <u>Confidentiality.</u> Each of Fansteel and Staveley agrees to keep confidential and not disclose (and shall use its best efforts to cause its officers, directors, employees and agents to keep confidential and not disclose) any of the terms of this Agreement or the negotiations leading up to the execution of this Agreement, except as required by law, by any court, the Amended Plan, administrative or legislative body or by any regulator, or except as such terms are provided by Fansteel and Staveley in the ordinary course of business on a confidential basis to their attorneys, employees, accountants, consultants, auditors, lenders, insurers, affiliates or others in privity of contract to the extent necessary for such parties to fulfill their responsibilities.

14. <u>Severability.</u> Should any provision of this Agreement be held by any court of competent jurisdiction to be illegal, invalid or unenforceable for any reason, then the remaining portions of this Agreement will nonetheless remain in full force and effect, unless such portion of the Agreement is so material that its deletion would violate the obvious purpose and intent of the Parties.

15. <u>Construction.</u> Each Party represents and warrants that it has had an opportunity to fully review the provisions of this Agreement with attorneys of its own choice as a result of which the Parties hereto acknowledge and agree (a) that any rule of law that provides that ambiguities are to be construed against the drafting party shall not be employed in the interpretation of this Agreement and (b) that each Party signing this Agreement is entering into this Agreement knowingly, voluntarily, and of its own free will.

16. <u>No Waiver</u>. The Parties agree that no breach of any provision hereof can be waived except in writing. The waiver of a breach of any provision hereof shall not be deemed a waiver of any other breach of any provision hereof.

17. <u>Execution</u>. The Parties agree that this Agreement may be executed in one or more counterparts, any one of which need not contain the signatures of more than one party, but all such counterparts taken together shall constitute one and the same Agreement. Facsimile and electronically transmitted signatures shall be deemed to have the same effect as original signatures.

18. <u>Approval</u>. This Agreement is subject to the approval of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") in Fansteel's pending chapter 11 case, either pursuant to the terms of the Order Authorizing and Approving Omnibus Procedures for Settling Certain Claims and Causes of Action Brought by Reorganized Debtors in a Judicial, Administrative, Arbitral or Other Action or Proceeding entered May 3, 2004 (the "Procedures Order") or other order of the Court. If this Agreement is not so approved, then (a) this Agreement shall be null and void and of no effect; (b) any payment made by Staveley will be promptly returned to it; (c) nothing contained herein shall be deemed to be an admission, waiver or concession of, or be in any way binding upon, any party hereto in connection with any future litigation over the matters referenced herein, including but not limited to the Fansteel Claims, the Claim Objection, and any defenses or counterclaims thereto.

19. <u>Retention of Jurisdiction</u>. The Bankruptcy Court or the United States District Court for the District of Delaware, as the case may be, shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Agreement. Staveley consents to the jurisdiction of said Courts to resolve any disputes or controversies between the Parties hereto

arising from or related to this Agreement. Any motion or application brought before either Court to resolve a dispute arising from or related to this Agreement shall be brought on proper notice in accordance with the applicable Federal Rules of Bankruptcy or Civil Procedure and Local Rules of said Court.

Dated: March 4, 2005

AGREED TO BY:

STAVELEY SERVICES NORTH AMERICA, INC.

By: _____
Its: _____

Dated: 3-4, 2005

FANSTEEL, INC.
Reorganized Debtor

By: _____
Its: Vice President